NEW YORK,
Oct. 1812.

STRATTON
v.
HUBBEL.

## STRATTON *against* HUBBEL.

IN ERROR, on *certiorari*, from a justice's court. *Hubbel* sued *Stratton*, before the justice, for obstructing the highway leading from the village of *Cocksackie* and preventing the plaintiff from proceeding on the road, about his lawful business, &c. It was proved that the plaintiff came to the turnpike gate, with his waggon and horses, and demanded to pass free, because he had been to his usual blacksmith's. The defendant, who was the toll-gatherer, refused to let him pass until he paid the toll. The plaintiff confessed that he had been down to *Cocksackie* landing, with a load of boards, and had paid toll on going down. *Rockwell*, the blacksmith, testified, that he had been the plaintiff's usual blacksmith for a number of years, and had mended a pot for the plaintiff about the time the plaintiff claimed to pass toll free on his return, but the witness could not remember the exact day. The jury found a verdict for the plaintiff, for 5 dollars, on which the justice gave judgment.

*Kirtland*, for the plaintiff in error.

*Powers*, contra.

Where a turn-pike act exempted persons going to their usual blacksmith's shop, from the payment of toll, it was held that a person who had carried a load of goods to market, and on his return, stopped at his blacksmith's to get work done, was not entitled to pass toll free, on his return home. The going to the black-smith's must be the principal, not the incidental business, to bring it within the exemption.
See *Stratton v. Herrick*, *ante*, 356.

*Per Curiam.* There was no just pretence for an exemption from toll. The principal business of *Hubbel* was to carry a load

NEWYORK, of boards to market; and if the pot had been mended by the
Oct. 1812. blacksmith, on that day, it was not, and could not have been, he
TRYON principal object of the journey. It was merely an incidental bu-
v. siness, if not a mere pretext to claim the exemption. He ought
MOONEY. to be considered as returning from market, and not as returning
from the blacksmith's shop; because that shop was not the termi-
nation any more than the object of his travelling on that day from
home. The claim of exemption was unjust, and a fraudulent abuse
of the act.

Judgment reversed.(a)

(a) See <em>Stratton</em> v. <em>Herrick, ante,</em> p. 356.